Bartley, C. J.
This cause is not in a situation to admit of its-determination by this court. What judgment, if any, was rendered in the common pleas, and whether the cause reached the district court by appeal, or by writ of error, is not made to appear in the case. And if this difficulty could be removed by supplying a tran 112] script from the ^records of the common pleas, it could not help-the case here. For the first thing we meet in the case is an issue of fact, which the parties have a right to have tried by a jury. It does not appear that the intervention of a jury was waived by the parties. And if the parties had actually waived a jury, and submitted the cause to the district court, that court could not, by any reservation of the case, on motion of one of the parties, have transferred the trial of the issue of fact to this court, and thus substituted this court for the district court, which the parties had agreed to substitute for a jury. Hubble v. Renich, 1 Ohio St. 176. It. maybe, that the testimony in the case is all in writing, and on file, consisting of depositions and an agreed statement of .facts; and, also, that the trial of the case may involve important legal questions; yet the issue of fact should have been submitted to a jury, or passed on by the district court. If the legal questions had been raised on a motion for a new trial, or by demurrer, or on some motion antecedent to the trial of the issue of fact, the case might have been in a condition to have been brought into this court. But as it is (being a reservation on motion of one of the parties only), if even the intervention of a jury had been waived, and the cause, by consent of the parties, submitted to the district court, it does not appear that the parties consented to submit the finding on the issue of fact to this court, conceding it to be competent for this *113 court to determine issues falling within the peculiar- province of a jury.

Gause remanded to the district court.

Swan, Brinkerhoee, Bowen, and Scott, JJ., concurred.